| | |
|---|---|
| 1 | BENJAMIN B. WAGNER<br>United States Attorney |
| 2 | DONNA L. CALVERT<br>Acting Regional Chief Counsel, Region IX, |
| 3 | Social Security Administration<br>SHEA LITA BOND, SBN D.C. 469103 |
| 4 | Special Assistant United States Attorney<br>    333 Market Street, Suite 1500 |
| 5 |     San Francisco, California 94105<br>    Telephone: (415) 977-8943 |
| 6 |     Facsimile: (415) 744-0134<br>    E-Mail: Shea.Bond@ssa.gov |
| 7 | Attorneys for Defendant |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**SACRAMENTO DIVISION**

| | |
|---|---|
| TZOY T. SAECHAO, | CIVIL NO. 2:11-cv-00550-GGH |
| Plaintiff, | |
| v. | STIPULATION AND PROPOSED ORDER SETTLING ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |
| MICHAEL J. ASTRUE,<br>Commissioner of<br>Social Security, | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of SIX THOUSAND TWO HUNDRED dollars and 00 cents ($6,200.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (2010), the ability to honor the assignment will depend on whether the fees and expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Plaintiff's counsel, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA

Respectfully submitted,

Dated: November 23, 2011

/s/ John V. Johnson
*(As authorized via email)*
JOHN V. JOHNSON
Attorney for Plaintiff

Dated: November 22, 2011

BENJAMIN B. WAGNER
United States Attorney
DONNA L. CALVERT
Acting Regional Chief Counsel, Region IX
Social Security Administration

/s/ Shea Lita Bond
SHEA LITA BOND
Special Assistant U.S. Attorney

Attorneys for Defendant

## ORDER

**APPROVED AND SO ORDERED:**

Dated: Dec 30, 2011

GREGORY G. HOLLOWS
United States Magistrate Judge

2